UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 01-193 (DSD/SRN)
Civil No. 04-4155 (DSD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ALLEN FRANCISCO,<br><br>Defendant. | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

The United States of America, through its attorneys, Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, and Erica H. MacDonald, Assistant United States Attorney, hereby submits the Government's Response in Opposition to Defendant's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

## INTRODUCTION

Defendant Michael Allen Francisco is currently serving a 151-month term of imprisonment imposed by this Court for committing bank robbery in violation of 18 U.S.C. § 2113(a). After pleading guilty to bank robbery, Francisco was sentenced by this Court as a career offender under U.S.S.G. § 4B1.1. The sentence was at the bottom of the applicable guideline range.

On September 21, 2004, the government received a copy of Francisco's § 2255 motion and was ordered to file a response by November 2, 2004. For the following reasons, the Court should deny Francisco's § 2255 motion.

## ARGUMENT

In his § 2255 motion, Fransciso raises no issue as to his guilt or the validity of his guilty plea. The only issue Francisco raises is whether he should have received a sentence of 151 months.

Francisco advances two arguments in support of his request for this Court to resentence him to a lower sentence. First, Francisco argues that he is not a career offender under the Guidelines. Second, Francisco argues that the Guidelines are unconstitutional in light of Blakely v. Washington. Each of these arguments is addressed in turn.

### 1. **This Court Correctly Concluded That Francisco Is A Career Offender Because The Law In The Eighth Circuit Is Well Settled That A Burglary Of Any Kind Is A Crime Of Violence For Purposes Of § 4B1.1.**

Prior to committing the instant offense of conviction (a bank robbery), Francisco had sustained at least two convictions for a crime of violence. Specifically, Francisco had sustained a prior conviction for (1) third degree burglary in 1991; (2) second degree burglary in 1992; and (3) attempted third degree burglary in 1994. Because Francisco met all the prerequisites of § 4B1.1, this Court sentenced him as a career offender and imposed a term of imprisonment of 151 months.

Francisco appealed his conviction. The Eighth Circuit affirmed his conviction. United States v. Blahowski, 324 F.3d 592 (8th Cir. 2003). In so doing, the Eighth Circuit reaffirmed its

prior holdings that burglary of a commercial building is always a crime of violence for purposes of § 4B1.1. Id. at 594-99.

After his conviction and sentence was affirmed, Francisco petitioned the Supreme Court for certiorari. Blahowski v. United States, 124 S. Ct. 356 (2003). On October 6, 2003, the Supreme Court denied his petition for writ of certiorari. Id.

Francisco now asks this Court to adjust his sentence because Francisco "believes the Supreme Court will issue an intervening change of law which will alter the Eighth Circuit's holding that all burglaries are categorically crimes of violence." (Def.'s Memo. at 4.) Francisco's argument should be rejected. The law in the Eighth Circuit is clear: A burglary of any kind is a crime of violence for purposes of § 4B1.1. Blahowski, 324 F.3d at 594-99.

The case of Shepard v. United States provides no relief for Francisco. The Supreme Court has granted certiorari in that case; however, it has not yet issued an opinion in the case. It remains to be seen what the Supreme Court will rule. Further, even if the Court's ruling in Shepard were to affect the Eighth Circuit's established precedent, it remains to be seen whether the rule would be retroactive to cases on collateral review. What is clear is that, as of now, the binding precedent on this Court is that a burglary of any kind is a crime of violence for purposes of § 4B1.1. Accordingly, this Court properly determined that Francisco was a career offender and that he should be sentenced as such.

## 2. **Blakely Provides No Relief To Francisco.**

Francisco's second argument is that he should be resentenced because the federal Sentencing Guidelines are unconstitutional. He bases his argument on Blakely v. Washington, 124 S. Ct. 2531 (2004). For the following reasons, Francisco's Blakely argument should be rejected.

### a. ***Blakely*** **Does Not Apply To The Federal Sentencing Guidelines**

In Blakely, the Supreme Court made it clear that it was not addressing the federal Sentencing Guidelines. Specifically, in footnote number 9, the Court wrote: "The Federal Guidelines are not before us, and we express no opinion on them." Blakely, 124 S. Ct. at 2538 n.9. Likewise, in Apprendi, the Supreme Court did not alter the Sentencing Guidelines beyond its ruling in that case. Apprendi v. New Jersey, 530 U.S. 466, 497 n.21 (2000) ("The Guidelines are, of course, not before the Court. We therefore express no view on the subject beyond what this Court has already held.").

The issue as to whether Blakely applies to the federal Sentencing Guidelines is now before the United States Supreme Court in two consolidated cases which were argued on October 4, 2004. United States v. Booker and United States v. Fanfan, 2004 WL 1713654 (U.S. Aug. 2, 2004). It remains to be seen what the Supreme Court will hold. As the law stands now, however, Blakely does not apply to the federal Sentencing Guidelines and there is no

binding post-Blakely precedent in the Eighth Circuit holding to the contrary.[1]

**b. Any New Rule Set Forth In *Blakely* Does Not Have Collateral Affect**

Even if Blakely were determined to have announced a new rule applying to the federal Sentencing Guidelines, Francisco's § 2255 motion should still be denied. The Supreme Court has long held that its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984) (custodial interrogation rule of Edwards v. Arizona, 451 U.S. 477 (1984), not applicable to cases on collateral review); Michigan v. Payne, 412 U.S. 47 (1973) (prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive); Halliday v. United States, 394 U.S. 831 (1969)(guilty plea acceptance rule of McCarthy v. United States, 394 U.S. 459 (1969), not retroactive); Stovall v. Denno, 388 U.S. 293 (1967)(identification procedure decisions of United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263

[1]Francisco relies on the case of United States v. Mooney, No. 02-3388, 2004 WL 1636960 (8th Cir. July 23, 2004), vacated and reh'g en banc granted August 6, 2004. Since Francisco filed his brief, the Mooney opinion has been vacated and will be reheard en banc at a later date to be announced.

(1967), not retroactive); Johnson v. New Jersey, 384 U.S. 719 (1966)(interrogation rules of Escobedo v. Illinois, 378 U.S. 478 (1964), and Miranda v. Arizona, 384 U.S. 436 (1966), not retroactive); Tehan v. Shott, 382 U.S. 406 (1966) (Griffin v. California, 380 U.S. 609 (1965), rule against commenting on defendant's failure to testify not retroactive); Linkletter v. Walker, 381 U.S. 618 (1965)(exclusionary rule of Mapp v. Ohio, 367 U.S. 643 (1961), not retroactive).

The governing rule was set forth in Justice O'Connor's plurality opinion in Teague v. Lane, 489 U.S. 288 (1989). Justice O'Connor endorsed Justice Harlan's principles "that new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The latter principle is subject to only two narrow exceptions, which Justice O'Connor adopted from Justice Harlan with some modification. First, a new rule should be applied to cases on collateral review if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 311. Second, a new rule should be applied retroactively if it implicates fundamental fairness in a way that seriously affects the likelihood of an accurate conviction. Id. at 312-13. The Supreme Court has limited the class of new rules which concern fundamental fairness to "watershed rules of criminal

procedure implicating fundamental fairness and accuracy of the criminal proceeding." It has stated: "Whatever the precise scope of this exception, it is clearly meant to apply only to a small core of rules requiring 'observance of those procedures that . . . are implicit in the concept of ordered liberty.'" Graham v. Collins, 506 U.S. 461, 478 (1993) (quoting Teague, 489 U.S. at 311). In Teague, Justice O'Connor stated: "Because we operate from the premise that such procedures would be so central to an accurate determination of innocence or guilt, we believe it unlikely that many such components of basic due process have yet to emerge." 489 U.S. at 313.[2]

Although the relevant portion of Justice O'Connor's opinion was a four-justice plurality opinion, her Teague standards have been applied by a majority of the Supreme Court, with some modification for sentencing rules, in a number of cases. See, e.g., O'Dell v. Netherland, 521 U.S. 151 (1997); Graham v. Collins, 506 U.S. 461 (1993); Sawyer v. Smith, 497 U.S. 227 (1990). As the Court explained in O'Dell v. Netherland, "[t]he Teague inquiry is conducted in three steps." 521 U.S. at 156. The first step is to determine whether the defendant's conviction became final prior to the new decision he invokes. If it did, he is not entitled to the

[2] The Supreme Court, despite many decisions addressing new rules of constitutional law, has yet to find any retroactive under the Teague rule. See Levan v. United States, 128 F. Supp. 2d 270, 277-78 (E.D. Pa. 2001) (collecting cases).

benefit of the decision. If it did become final before the new decision, the second step is to determine whether the decision adopts a new rule. If it does, again he is not entitled to the benefit of the decision. If it did adopt a new rule, the third step is to determine whether one of the two narrow exceptions applies. If either exception applies, the defendant is entitled to the benefit of the new decision. If neither exception applies, the defendant is not entitled to the benefit of the decision and the inquiry ends.

In this case, it is undisputed that Petitioner's conviction became final before June 24, 2004, the date of the Blakely decision. Thus, the inquiry moves to the second step.

The Supreme Court has defined a "new rule" as one that was not "dictated by precedent existing at the time the defendant's conviction became final." Graham v. Collins, 506 U.S. at 467; Sawyer v. Smith, 497 U.S. at 234; Teague v. Lane, 489 U.S. at 301 (emphasis in originals). A rule may be new even though it finds general support in prior cases. Sawyer v. Smith, 497 U.S. at 236. The test is whether, at the time Blakely was decided, a "reasonable jurist" would have felt "compelled" to adopt the rule it stated. O'Dell v. Netherland, 521 U.S. at 164; Graham v. Collins, 506 U.S. at 477. Under this standard, Blakely clearly adopted a new rule.

Four years before Blakely, in Apprendi, the Court held that any fact which increases a statutory maximum sentence must be

determined by a jury. Subsequently, every circuit court of appeals addressed whether this rule applied to determinations made, as in this case, in order to calculate a sentence under the guidelines within the statutory maximum. Without exception, every court held that the Apprendi rule was inapplicable to the Sentencing Guidelines, so long as the final sentence did not exceed the statutory maximum sentence on any count of conviction.[3] That body of law makes unquestionable that, even if the 5-4 decision in Blakely is ultimately held to require jury determinations regarding every enhancement factor under the federal guidelines, that result is not "dictated" by the Apprendi precedent, and reasonable jurists were not compelled to so conclude. Because Blakely therefore constitutes a new rule of procedure, the question remains whether it is subject to either of the exceptions outlined in Teague – for new substantive rules which change the definition of criminal conduct, or for "watershed" rules addressed to matters of fundamental fairness.

---

[3] See, e.g., United States v. Casas, 356 F.3d 104, 128 (1st Cir. 2004); United States v. Luciano, 311 F.3d 146, 153 (2d Cir. 2002); United States v. Parmelee, 319 F.3d 583, 592 (3d Cir. 2003); United States v. Cannady, 283 F.3d 641, 649 & n.7 (4th Cir. 2002); United States v. Floyd, 343 F.3d 363, 372 (5th Cir. 2003); United States v. Tarwater, 308 F.3d 494, 517 (6th Cir. 2002); United States v. Merritt, 361 F.3d 1005, 1015 (7th Cir. 2004); United States v. Banks, 340 F.3d 683, 684-65 (8th Cir. 2003); United States v. Ochao, 311 F.3d 1133, 1134-36 (9th Cir. 2002); United States v. Mendez-Zamora, 296 F.3d 1013, 1020 (10th Cir. 2002); United States v. Ortiz, 318 F.3d 1030, 1039 (11th Cir. 2003); United States v. Pettigrew, 346 F.3d 1139, 1147 n.18 (D.C. Cir. 2003).

That Blakely is not subject to either of these exceptions was essentially determined by the Supreme Court on the same day that it decided Blakely in Schriro v. Summerlin, 124 S. Ct. 2519 (2004). In Schriro, the Court addressed the issue of retroactive application of Ring v. Arizona, 536 U.S. 584 (2002). In Ring, the Court had applied the Apprendi principle to a death sentence imposed under the same Arizona sentencing scheme at issue in Summerlin. The Ring Court concluded that, because Arizona law authorized the death penalty only if an aggravating factor was present, Apprendi required the existence of such a factor to be proved to a jury rather than to a judge.

In Summerlin, the Court determined that Ring presented a new rule of procedure which was not retroactively applicable. First, it confirmed that Ring (and by extension, Apprendi) is in fact a procedural rule subject to Teague. The Court explained that substantive rules "narrow the scope of a criminal statute by interpreting its terms [or] place particular conduct or persons covered by the statute beyond the State's power to punish . . . ." 124 S. Ct. at 2522. In contrast, rules of procedure "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 2523. In a statement directly applicable to Blakely, the Court concluded, "rules that regulate

only the *manner of determining* the defendant's culpability are procedural." Id. (emphasis in original). "Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decision making authority in this fashion are prototypical procedural rules . . . ." Id.

Second, the Summerlin Court also rejected the contention that the jury requirement for sentencing factors established in Apprendi and Ring was a "watershed" rule demanding retroactive application. Addressing that exception, the Court stated "[t]hat a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.' This class of rules is extremely narrow, and 'it is unlikely that any ... 'ha[s] yet to emerge.' Tyler v. Cain, 533 U.S. 656, 667, n. 7, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (quoting Sawyer v. Smith, 497 U.S. 227, 243, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990))." Summerlin, 124 S. Ct. at 2523. The Court held that the jury requirement is not one: "When so many presumably reasonable minds continue to disagree over whether juries are better factfinders *at all*, we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." Id. at 2525 (emphasis in original).

The Summerlin holding would be directly applicable to any decision that Blakely is determined to apply to the United States Sentencing Guidelines.[4] If, as in Summerlin, the requirement that a jury determine an aggravating factor which leads to imposition of the death penalty is not so fundamental to require retroactive application, surely the same rationale would apply to the guideline enhancement at issue here. See also Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)("[t]he Supreme Court has not made the Blakely rule applicable to cases on collateral review as is required for authorization under § 2244(b)(2)(A) and § 2255 ¶ 8(2)"); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004)(concluding that the Supreme Court has not yet held Blakely to be retroactively applicable, and further noting that, in fact, "the Supreme Court has strongly implied that Blakely is not to be applied retroactively"); see also Garcia v. United States, No. 04-CV-0465, 2004 WL 1752588 at *5 (N.D.N.Y. Aug. 4, 2004)(noting that "because

[4] Likewise, every appellate court to address the issue, applying similar reasoning, held that the decision in Apprendi is not retroactively applicable in cases on collateral review. See, e.g., Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77, 90 (2d Cir.), cert. denied, 124 S. Ct. 840 (2003); United States v. Jenkins, 333 F.3d 151 (3d Cir.), cert. denied, 124 S. Ct. 350 (2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304, 307-10 (5th Cir. 2002); Goode v. United States, 305 F.3d 378, 382-85 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841, 842-44 (7th Cir. 2002); United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001); United States v. Sanchez-Cervantes, 282 F.3d 664, 667-71 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213, 1218-19 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001).

Apprendi does not apply retroactively to collateral attacks and Blakely is an extension of Apprendi, Blakely is similarly limited to prospective application”).

**c. Blakely Does Not Apply To The Fact Of A Prior Conviction.**

Even if the Court were to find that Blakely applies to the federal Sentencing Guidelines and that it is applicable to cases on collateral review, Blakely would still provide no relief to Francisco. Even after Blakely, it remains the law of the land that the fact of a prior conviction need not be proved to a jury in order for the conviction to support an increase in the defendant’s sentence. Blakely, 124 S. Ct. at 2536 (“Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); Apprendi, 530 U.S. at 489-90 (reaffirming the holding of Almerdarez-Torres v. United States, 523 U.S. 224, 228 (1998)); United States v. Sanders, 377 F.3d 845 n.3 (8th Cir. 2004) (holding that Blakely did not affect a trial court’s finding that the defendant met the career-criminal enhancement of § 4B1.4 for having at least three prior violent felony convictions). Accordingly, this Court properly sentenced Francisco as a career offender and Blakely has no impact on Francisco’s case. See United States v. Losoya-Mancias, 332 F. Supp. 2d 1261, 1265-66 (D.N.D. 2004) (denying defendant’s § 2255

motion because Blakely has not impact on defendant's sentence as a career offender).

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests this Court to deny defendant Michael Allen Francisco's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

Dated: September 16, 2004

THOMAS B. HEFFELFINGER
United States Attorney

s/ Erica MacDonald

BY: ERICA H. MACDONALD
Assistant U.S. Attorney