RECEIVED
BY MAIL
MAR 2 1 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

MICHAEL ALLEN FRANCISCO,
Petitioner,

Civil No. 04-4155 (DSD)

Crim. No. 01-~~195~~ 193 (DSD/SRN)

v.

UNITED STATES OF AMERICA,
Respondent.

---

## SUPPLEMENTAL BRIEF

Petitioner's sentence can no longer stand. First, the Supreme Court's decision in Sheppard v. United States, No. 03-9168 (U.S. 2005), authorizes a district court to look at the charging documents, the plea agreement and other judicial findings to determine whether a crime presented a serious risk of violence. Also, the Sheppard Court emphasized that the Court's Sixth Amendment jurisprudence limits an increase of a sentence based on judicial factfinding of a prior conviction. Both of these holdings, limit the district court here, from imposing an increased sentence under the career offender provision based on judicial factfinding of a prior conviction. Also, United States v. Booker, 543 U.S. __ (2005) declared the statutory provisions mandating a sentence within the Guidelines as facially unconstitutional. Therefore, Petitioner's sentence is illegal because he was sentenced under the mandatory guideline scheme.



SCANNED
MAR 2 1 2005
U.S. DISTRICT COURT ST. PAUL

## I. PETITIONER IS NOT A CAREER OFFENDER UNDER UNITED STATES SENTENCING GUIDELINES, SECTION 4B1.1.

In Sheppard, the Court was asked to determine whether a sentencing court can look to police reports or complaint applications of a prior generic burglary conviction in applying the Armed Career Criminal Act (hereinafter "ACCA"). The Court held that a court could not, and that a court was limited to the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding of the prior conviction. The Court issued their interpretation of the ACCA under the doctrine of constitutional avoidance because the Corut recognized that a finding of a prior conviction impermissibly increases the ceiling of an sentence in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Sheppard Court's reasoning should equally apply to the Career Offender enhancement of the Guidelines.

First, the ACCA and U.S.S.G. § 4B1.2(a) list different definitions of violent felonies, so the categorical approach adopted by the Eighth Circuit in United States v. Hascall, 76 F.3d 902 (8th Cir. 1996), no longer applies. The ACCA makes burglary a violent felony if committed in a building, wether it is residential or commercial. Whereas, U.S.S.G. § 4B1.2(a), only defines burglary of a dwelling (residential) as a crime of violence to qualify for the Career Offender provision. Under the Guidelines, if the burglary is not one of a dwelling, a sentencing court must determine if the generic burglary conviction presented a serious potential risk

of physical injury to another. Just as the Sheppard Court had to determine if a generic burglary constituted a burglary of a building, this Court must determine whether Petitioner's burglaries presented a serious risk of physical injury. See, U.S.S.G. § 4B1.2, app. n.2 (in determining whether an unlisted offense is a crime of violence, the conduct of which the defendant is convicted is the focus of the inquiry).

In making this determination, Sheppard authorizes and requires that a sentencing court only look to the statutory definition, charging document, written agreement, transcript of plea colloquy, and any explicit factual finding made by the State trial judge in determining whether Petitioner's commercial burglaries presented a serious risk of injury. 1/ As already argued, Petitioner's commercial burglaries presented no risk of injury, and therefore, should not have been used as predicates for the career offender enhancement. See, Motion to Vacate under 28 U.S.C. § 2255, Section 1, Part E, pages 8-9.

Second, the Sheppard Court's reliance on its Sixth Amendment cases also mandate that Petitioner should be resentenced. Under U.S.S.G. § 4B1.2 a court is required to determine whether an unlisted offense presents a serious risk of injury to qualify as a predicate offense. Such a finding violates Petitioner's Sixth Amendment right because the fact necessary to show violence was not established by the record of conviction in the State court. Indeed, under

---

1/ The Sheppard Court cited in approval United States v. Smith, 10 F.3d 724, 733-734 (10th Cir. 1993)(rejecting a per se categorization of burglary of a non-dwelling as a crime of violence under the Guidelines), which construed U.S.S.G. § 4B1.2 as approving the use of these documents in determining violent felonies. See, Sheppard footnote 3.

Minnesota statute Petitioner has no conviction that contains, as an element, "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). While the disputed fact here can be described as a fact about a prior conviction, it is far removed from the conclusive significance of a prior judicial record, and to much like the findings subject to Apprendi and Booker. See, Sheppard, Part III. Therefore, Sheppard requires this Corut to look only at the character of the prior plea in determining whether Petitioner's prior commercial burglaries qualify as violent felonies under the career offender provision. 2/

All of these arguments require resentencing in which Petitioner is no longer sentenced as a career offender.

---

2/ Petitioner would also contend that Almendarez-Torres v. United States, 523 U.S. 224 (1998) has been effectively overruled by the Supreme Court. Therefore, judicial factfinding of a prior conviction- which was never proved to a jury or admitted by a defendant- cannot be used to increase the maximum guideline sentence. See, Sheppard, (Thomas, J., concurring in part and concurring in the judgment)("Almendarez-Torres... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided).

## II. PETITIONER'S SENTENCE VIOLATES UNITED STATES V. BOOKER, IN THAT PETITIONER WAS SENTENCED UNDER A SENTENCING SCHEME WHICH THE SUPREME COURT HAS CONCLUDED, IS UNCONSTITUTIONAL

Petitioner was sentenced under a statutory sentencing scheme which required a district court to impose a sentence within the applicable guideline range. After the Supreme Court's decision in United States v. Booker, 543 U.S. __ (2005), this sentencing system no longer exists.

In Booker, the Court was asked to determine whether the reasoning of Blakely v. Washington, 542 U.S. __ (2004), applied to the federal sentencing guidelines, and if so, what remedy was required to insure compatibility with its Constitutional holding. The Booker Court recognized that there was no distinction of constitutional significance between the Federal Guidelines and Washington's sentencing system, and therefore, judicial factfinding by a need to preserve Sixth Amendment substance. Id. at 12. In answering the second question, the Court concluded the remedy, compatible with the constitutional hlding, was to excise two statutory provisions which makes the Guidelines mandatory. Id. at 22. Specifically, the Court invalidated: (1) 18 U.S.C. § 3553(b)(1), which requires district courts to impose a sentence within the applicable Guideline range; and, (2) 18 U.S.C. § 3742(e), which set forth the standard of review for criminal defendant appealing their sentences under the Guidelines. Id. The effect of the invalidation, made the Guidelines advisory only, instead of mandatory.

The Booker Court's unprecedented ruling that declared two statutory provisions as facially unconstitutional, rendered the

sentence here as legally void. See, Ex Parte Siebold, 100 U.S. 371, 376-77 (1880)("An unconstitutional law is void, and is as no law."). As such, Petitioner should be resentenced under the advisory guideline scheme. 3/

## CONCLUSION

Wherefore Petitioner respectfully requests that this Court grant his motion to vacate and resentence him under the advisory guideline scheme.

Date: 3-16-05

Respectfully submitted,

Michael Francisco

Michael Allen Francisco

3/ Petitioner has attached a memorandum outlining the reasons why Booker's remedial holding is retroactively available on collateral attack. See Attachment "A".