UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-193(1)(DSD/SRN)
Civil No. 04-4155(DSD)

United States of America,

Plaintiff,

v. **ORDER**

Michael Allen Francisco,

Defendant.

Erica H. MacDonald, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

Michael Allen Francisco, #02981-041, Federal Correctional Institution, P.O. Box 5000, Pekin, IL 61555-5000, pro se.

This matter is before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, and for the reasons stated, defendant's motion is denied.

## BACKGROUND

On July 17, 2001, defendant Michael Allen Francisco was indicted upon a single count of bank robbery, in violation of 18 U.S.C. § 2113(a). Following his plea of guilty, the court sentenced defendant to 151 months imprisonment followed by three

years of supervised release. Defendant appealed his sentence to the United States Court of Appeals for the Eighth Circuit, and that court affirmed. United States v. Blahowski, 324 F.3d 592 (8th Cir. 2003). The Supreme Court of the United States denied defendant's petition for a writ of certiorari. Blahowski v. United States, 540 U.S. 934 (2003). Defendant now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Collateral relief is considered an extraordinary remedy. See Bousley v. United States, 523 U.S. 614, 621 (1998).

### I. Blakely v. Washington

Defendant claims that the decision of the Supreme Court of the United States in Blakely v. Washington, 124 S. Ct. 2531 (2004), renders his sentence subject to collateral attack. In Blakely, the Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum

must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In Blakely, the Court held that the relevant "statutory maximum" is that which a judge may legally impose "solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Id. at 2537 (citing Ring v. Arizona, 536 U.S. 584, 602 (2002)). The Court held that the State of Washington's sentencing scheme, which allowed imposition of a sentence above the range specified by guidelines on the basis of facts found by a judge, violated the Sixth Amendment right to trial by jury. See id. at 2538.

Defendant's Blakely claim fails because Blakely does not apply retroactively to matters on collateral review. New constitutional rules of criminal procedure are generally not applicable to cases on collateral review. See Schriro v. Summerlin, 124 S. Ct. 2519, 2522-23 (2004). Only "watershed" procedural rules are given retroactive effect so as to apply to convictions and sentences that have become final. See id. at 2523. A watershed procedural rule is one "without which the likelihood of an accurate conviction is seriously diminished." Teague v. Lane, 489 U.S. 288, 313 (1989).

In Summerlin, the Court considered whether the rule announced in Ring applied retroactively. See Summerlin, 124 S. Ct. at 2526. Like Blakely, Ring applied Apprendi to a state's sentencing

procedures. See Ring, 536 U.S. at 603-09. In Ring, the Court concluded that where Arizona law permitted the death penalty given certain aggravating factors, such factors must be found by a jury, not a judge. See id. at 609. The United States Court of Appeals for the Ninth Circuit later applied Ring retroactively. See Summerlin v. Stewart, 341 F.3d 1082, 1121 (9th Cir. 2003). The circuit court concluded that Ring had announced a substantive, rather than a procedural, rule or, alternatively, a watershed procedural rule. See id. at 1108, 1120.

On review, the Supreme Court disagreed, holding that Ring was not a substantive rule because it did not alter the range of conduct subject to Arizona's death penalty. See Summerlin, 124 S. Ct. at 2523. It further held that Ring was not a watershed rule because it is not clear that judicial fact-finding "so *seriously* diminishe[s] accuracy as to produce an impermissibly large risk of injustice." Id. at 2535 (emphasis in original) (internal quotation marks omitted). Therefore, Ring does not have retroactive effect. See id. at 2536. By that reasoning, Apprendi is not a watershed rule either.[1] It follows, then, that Blakely is also procedural,

---

[1] Compare United States v. Moss, 252 F.3d 993, 996 (8th Cir. 2001) (holding that Apprendi does not apply to initial § 2255 motions because it is not a watershed rule), with Rodgers v. United States, 229 F.3d 704, 705-06 (8th Cir. 2000) (holding that Apprendi does not apply retroactively to second or successive § 2255 motions unless Supreme Court first so holds).

rather than substantive, and that it is not a watershed rule. Therefore, Blakely has no retroactive effect, and defendant's motion for collateral relief cannot be grounded upon it.

**II. United States v. Booker**

While defendant's motion has been pending, the Supreme Court has continued to expand its Sixth Amendment jurisprudence. In supplemental papers, defendant argues that United States v. Booker, 125 S. Ct. 738 (2005), supports his claim for resentencing. The court must reject this argument.

In Booker, the Supreme Court merely clarified that the holding of Blakely applies with full force to the federal sentencing guidelines. 125 S. Ct. at 746 ("We hold ... that the Sixth Amendment as construed in Blakely does apply to the Sentencing Guidelines."). Booker, however, does nothing to alter the retroactivity analysis set forth above. Rather, Booker clarifies the scope of the Blakely rule and has retroactive effect only if Blakely has retroactive effect.

Because the court has determined that Blakely does not have retroactive effect, Booker is of no help to defendant.

**III. Career Offender Enhancement**

Finally, defendant attacks the court's application of the career offender provisions of the sentencing guidelines. See U.S.S.G. § 4B1.1 & 4B1.2. Defendant argues that the recent Supreme

Court case of Shepard v. United States, 125 S. Ct. 1254 (2005), entitles him to resentencing without the career offender enhancement.

In Shepard, the Court reaffirmed its holding in Taylor v. United States, 495 U.S. 575 (1990), that the Armed Career Criminal Act ("ACCA") generally prohibits a district court from looking beyond the "fact of conviction and the statutory definition of the prior offense" to determine whether a defendant's prior conviction was one for "burglary" within the meaning of ACCA. Shepard, 125 S. Ct. at 1257-58 (discussing Taylor, 495 U.S. at 602). In dicta, the Court observed that the Taylor rule is supported by constitutional concerns because, in a case where the defendant pleaded guilty to a prior state offense, "the sentencing judge considering the ACCA enhancement would ... make a disputed finding of fact about what the defendant and state judge must have understood as the factual basis of the prior plea." 125 S. Ct. at 1262. Such factfinding, the Court noted, would raise serious Apprendi concerns. See id. at 1262-63. From this dicta, defendant argues that the court violated his Sixth Amendment rights when it determined that his prior convictions for second-degree and third-degree burglary were crimes of violence within the meaning of the career offender guideline.[2]

[2] The definition of "crime of violence" contained in the career offender guideline is nearly identical to the definition of "violent felony" contained in ACCA. Compare U.S.S.G. § 4B1.2(a), (continued...)

Defendant's argument must fail. Under the career offender guideline, a "crime of violence" includes "any offense that ... is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a)(2) (emphasis added). Under the approach adopted by the Eighth Circuit in United States v. Hascall, 76 F.3d 902 (8th Cir. 1996), burglary qualifies as a crime of violence because it "always creates a serious potential risk of physical injury to another...." United States v. Mohr, 382 F.3d 857, 860 (8th Cir. 2004) (internal quotation marks omitted), cert. granted and remanded for resentencing under Booker, 125 S. Ct. 1405 (2005). Therefore, a district court in the Eighth Circuit need not look beyond the fact of conviction to determine that burglary of a building, commercial or residential, is a crime of violence for career offender purposes.

In defendant's case, the court was not required to engage in judicial factfinding to determine his career offender status. Thus the court did not offend the principles embodied in Shepard. Furthermore, to whatever extent Shepard may express a new rule derived from the Sixth Amendment and the Apprendi line of cases,

(...continued)
with 18 U.S.C. § 924(e)(2)(B).

the retroactivity principles discussed above prevent its application to defendant’s case.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant’s motion for leave to file supplemental briefing [Doc. No. 47] is granted.

2. Defendant’s motion to vacate, set aside or correct sentence [Doc. No. 42] is denied.

Dated: March 31, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court