RECEIVED
BY MAIL
NOV 3 0 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL ALLEN FRANCISCO,
Petitioner,

Civil No. 04-4155 (DSD)

Crim. No. 01-193(1)(DSD/SRN)

v.

UNITED STATES OF AMERICA,
Respondent.

---

## MOTION FOR RELIEF FROM JUDGMENT

Comes Now the Petitioner, Michael Allen Francisco, pro se, and respectfully requests Relief from the Judgment pursuant to Federal Rules of Civil Procedure 60(b)(1). Petitioner requests relief from the judgment denying his motion to vacate under 28 U.S.C. § 2255. In support of this motion petitioner states as follows:

## PROCEDURAL HISTORY

Petitioner filed a timely motion to vacate pursuant to 28 U.S.C. § 2255 in the district court. On March 31, 2005, the district court denied the motion. However, petitioner did not receive the court's order denying the § 2255 motion. Sometime in early November of 2005, petitioner telephoned the district court's clerk's office to inquire about the disposition



SCANNED
NOV 3 0 2005

of his § 2255 motion. See Declaration of Michael Allen Francisco, ¶3 ("Francisco, ¶__"), Exhibit "A". Petitioner was then informed that his § 2255 motion had been denied in late March of 2005. Id. Petitioner requested that the clerk send him a copy of the opinion.

Petitioner then inquired to his FCI Pekin unit secretary if the prison had any legal mail for him that may have been inadvertently lost. Francisco,¶5. No legal mail was found and no log record of legal mail was discovered for the months of March through October of 2005. See Letter from L. Eudaily, Exhibit "B".

On November 10, 2005, petitioner received the district court's order denying his § 2255 motion. See Copy of Envelope with FCI Pekin Mail Room Stamp, dated November 10, 2005, Exhibit "C".

Petitioner wanted to appeal the denial of his § 2255 motion but has been unable to do so through no fault of his own. Francisco, ¶6. This motion for relief from the judgment now follows.

**ARGUMENT**

Under Federal Rules of Appellate Procedure 4(a), a petitioner has 60 days from the entry of judgment to file a notice of appeal in a civil case in which the United States is a party. Thus, petitioner was required to file his notice on June 30, 2005.

Nonetheless, a petitioner may file an untimely notice of appeal in cases of "excusable neglect" such as a lack of notice of the judgment. See Sidebottom v. Delo, 46 F.3d 744, 749-50 (8th Cir. 1995)(given circuit caselaw permitting extensions of time not authorized by Appellate Rules in "unique circumstances", such as where "erroneous district court action... caused the party to file an untimely notice of appeal," petitioner could file intimely notice because he was "lulled into inactivity..."); see also, Stutson v. United States, 516 U.S. 193, 194-97 (1996) (per curiam)(in assessing whethter there was "excusable neglect" for untimily filing of notice of appeal by criminal defendant's counsel, court should take accout of legal system's tradition of making "accomadation to prisoners."). In this case, petitioner's "unique circumstances" should allow the filing of an untimely notice of appeal.

Petitioner was unaware that the district court denied his § 2255 until early November of 2005. Therefore, through no fault of his own, he was unable to file a notice of appeal on a judgment that was non-existent to him and this unique circumstance constitutes excusable neglect. Accordingly, petitioner requests tha the court determine his notice as timely.

In the alternative, petitioner requests that the court grant Federal Rule of Civil Procedure 60(b) relief, vacate the judgment, and then reimpose it so that petitioner can file a timely notice of appeal.

Under Rule 60(b)(1) a party may seek relief from a judgment is a mistake, inadvertence, suprise or excusable neglect occurred. See Robinson v. Armontrout, 8 F.3d 6,7 (8th Cir. 1993). The most applicable grounds here are inadvertence and suprise.

The grounds of inadvertence and suprise require a movant to show that either: (1) through no one's fault, an error is made in the judgment; or, (2) that intervening circumstances have let to unfair suprise. Both of these grounds apply here because petitioner did not receive notice of the district court's order until November of 2005. As such, the court should vacate the judgment so that petitioner can file a timely notice of appeal. See c.f., Union Pac.R.R. v. Progress Rail Servs. Corp., 256 F.3d 781, 782-83 (8th Cir. 2001)(Answer not filed because of legal department's recording error was excusable neglect requiring Rule 60(b)(1) relief).

Furthermore, granting Rule 60(b) relief in this case would not constitute an impermissible second or successive § 2255 motion. The Supreme Court recently held, in Gonzalez v. Crosby, 162 L.Ed.2d 480 (2005), that Rule 60(b) applies in the habeas context. Further, the Court concluded that as long as a habeas petitioner does not present a "claim" challenging the underlying conviction or sentence but merely some defect in the integrity of the habeas proceeding, Rule 60(b) motions are not second or successive habeas applications. Gonzalez, 162 L.Ed.2d at 493. Since this motion present no "claim" either raising new issues or challenging the district

court's order on the merits, but only requests that the district court vacate the judgment due to unique circumstances that have prevented petitioner from filing a timely notice of appeal, the motion does not fall within the confines of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Also, granting the present motion would not, in any way, be inconsistent with AEDPA and as such, the court is allowed substantial discretion "to vacate judgment whenever such action is appropriate to accomplish justice." Liljeberg v. Health Services Acquisition Corp. 486 U.S. 847, 864 (1988)(quotations and citation omitted). Equitable concerns here certainly justify vacating the judgment and allowing petitioner his one full round of habeas review. See c.f., Slack v. McDaniel, 529 U.S. 473, 483 (2000)("The writ of habeas corpus plays a vital role in protecting constitutiona[l] rights.").

**CONCLUSION**

Wherefore, petitioner requests that the Court either consider his notice of appeal as timely filed under the excusable neglect doctrine or vacate the judgment, reimpose it, and then allow petitioner to file a timely notice of appeal, or any relief the Court deems equitable.

Date: 11-28-05

Respectfully submitted,

Michael Francisco

Michael Allen Francisco