UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 01-193(1)(DSD/SRN)

United States of America,

Plaintiff,

v. **ORDER**

Michael Allen Francisco,

Defendant.

This matter is before the court upon defendant's application for a certificate of appealability and motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1).

Rule 60(b)(1) authorizes the court "to grant relief from an order based upon a showing of 'mistake, inadvertence, surprise, or excusable neglect.'" Smith v. Am. Airlines, Inc., 414 F.3d 949, 954 (8th Cir. 2005) (quoting Fed. R. Civ. P. 60(b)). The defendant has not established a proper ground for relief under Rule 60. Therefore, defendant's motion for relief from this court's Order dated March 31, 2005, is denied.

As to the application for a certificate of appealability, defendant has shown good cause for its untimeliness. For reasons outside of defendant's control, he did not receive the court's Order dated March 31, 2005, until November 10, 2005. Due to the circumstances of defendant's case, and in light of the Supreme Court's recent declaration that the timing requirements of claim-

processing rules are not jurisdictional, the court will not deny defendant's application on grounds of untimeliness. See Eberhart v. United States, 126 S. Ct. 403 (2005). However, the court found no merit in defendant's § 2255 motion.[1] Therefore, the court determines that the defendant has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's application for a certificate of appealability [Doc. No. 52] is denied.

2. Defendant's motion for relief from judgment [Doc. No. 52] is denied.

Dated: December 5, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court

[1] Moreover, the Eighth Circuit Court of Appeals has since explicitly held that the Supreme Court's rulings in Booker and Blakely do not apply retroactively on collateral review. See Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); United States v. Stoltz, No. 04-3968, 2005 WL 2484417, at *3 (8th Cir. Oct. 10, 2005).